UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Steven Toth**, <br><br>             Plaintiff, <br><br> v. <br><br> **RBL Inc. d/b/a Aces Bar & Grille**, an Ohio Corporation, and **Darren Ewaska**, <br><br>             Defendants. | No. <br><br><br> **COMPLAINT** |

Plaintiff, Steven Toth ("Plaintiff Toth"), by and through counsel, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Toth was formerly employed as the general manager of RBL Inc. d/b/a Aces Bar & Grille (hereafter "Defendant Aces Bar & Grille").

2.      Plaintiffs bring this action against Defendants for their unlawful failure to pay wages and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA") and Ohio Revised Code § 4111.

3.      This is an action for unpaid wages, liquidated damages, treble damages, interest, attorneys' fees, and costs under the FLSA and Ohio Revised Code.

4.      Plaintiff Toth served as the General Manager for Defendant Aces Bar & Grille from approximately January 2013 through approximately July 2018.

5.      Plaintiff Toth was compensated by Defendants at a rate of $2,166.66 per month.

6.      Plaintiff Toth regularly worked in excess of fifty (50) hours per week throughout his employment at Defendant Aces Bar & Grille.

7. Plaintiff Toth was classified as an exempt employee and was not paid any overtime premium for any hours worked over forty hours in any given workweek.

8. From approximately August 15, 2016 through approximately January 1, 2017, Plaintiff was not paid any salary or wages whatsoever and remains entirely uncompensated for that period of his employment at Defendant Aces Bar & Grille.

9. Therefore, Defendants violated Sections 206 and 207 of the FLSA and Sections 4111.02 and 4111.03 of the Ohio Revised Code.

## JURISDICTION AND VENUE

10. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

13. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14. At all times material to the matters alleged in this Complaint, Plaintiff Toth was an individual residing in Lorain County, Ohio, and is a former employee of Defendants.

15. At all material times, Plaintiff Toth was employed as the general manager of Defendants' restaurant and bar, known as Aces Bar & Grille, located at 32650 Lorain Road North Ridgeville, Ohio 44039 from approximately January 2013 through approximately July 2018.

16. At all material times, Plaintiff Toth was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

17. Defendant RBL Inc. is an Ohio corporation, authorized to do business in the State of Ohio and was at all relevant times Plaintiffs' employer as defined by the FLSA, 29 U.S.C. § 203(d).

18. Under the FLSA, Defendant RBL Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant RBL Inc. is the owner of Aces Bar & Grille. At all relevant times, Defendant RBL Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with RBL Inc. Having acted in the interest of RBL Inc. in relation to the company's employees, including Plaintiff, RBL Inc. is subject to liability under the FLSA.

19. At all relevant times, Defendant RBL Inc. owned and operated as Aces Bar & Grille.

20. Defendant Darren Ewaska is the owner of RBL Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

21. Under the FLSA, Defendant Darren Ewaska is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Darren Ewaska is the owner of RBL Inc. At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with RBL Inc. As a person who acted in the interest of RBL Inc. in relation to the company's employees, including Plaintiff, Darren Ewaska is subject to individual liability under the FLSA.

22. Defendants, and each of them, are sued in both their individual and corporate capacities.

23. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

25. At all relevant times, Plaintiff was an "employee" of Defendants as defined by Ohio Revised Code § 4111.

26. At all relevant times, Defendants were "employers" of Plaintiff as defined by Ohio Revised Code § 4111.

27. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, and Ohio Revised Code § 4111 apply to Defendants.

28. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

29. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. At all relevant times, Plaintiff Toth, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff Toth, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

32. At all relevant times, Plaintiff Toth, in his work for Defendants, was employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated.

## FACTUAL ALLEGATIONS

33. Plaintiff Toth realleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants own and/or operate as RBL Inc., an enterprise located in Lorain County, Ohio.

35. RBL Inc. is an enterprise that is a bar and restaurant that serves food and drinks to customers.

36. Plaintiff Toth was compensated by Defendants at a rate of $2,166.66 per month.

37. Plaintiff Toth regularly worked in excess of fifty (50) hours per week throughout his employment at Defendant Aces Bar & Grille.

38. Plaintiff Toth was classified as an exempt employee and was not paid any overtime premium for any hours worked over forty hours in any given workweek.

39. From approximately August 15, 2016 through approximately January 1, 2017, Plaintiff Toth was not paid any salary or wages whatsoever and remains entirely uncompensated for that period of his employment at Defendant Aces Bar & Grille.

40. As a result, Defendants have failed to pay Plaintiff minimum wage during any given workweek between approximately August 15, 2016 through approximately January 1, 2017, in violation of 29 U.S.C. § 206.

41. As a result, Defendants have failed to pay Plaintiff minimum wage during any given workweek between approximately August 15, 2016 through approximately January 1, 2017, in violation of Ohio Revised Code § 4111.02.

42. Because Defendants failed to pay Plaintiff Toth any salary or wages whatsoever from approximately August 15, 2016 through approximately January 1, 2017, Defendants are not entitled to classify Plaintiff Toth as exempt from overtime during this time period.

43. As a result, Defendants have failed to pay Plaintiff overtime wage for time he worked in excess of 40 hours a week during any given workweek between approximately August 15, 2016 through approximately January 1, 2017, in violation of 29 U.S.C. § 207.

44. As a result, Defendants have failed to pay Plaintiff overtime wage for time he worked in excess of 40 hours a week during any given workweek between approximately August 15, 2016 through approximately January 1, 2017, in violation of Ohio Revised Code § 4111.03.

45. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for all unpaid wages and overtime wages, liquidated damages, treble damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b), Ohio Revised Code § 4111.02, §4111.03 and Article II § 34a of the Ohio Constitution.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**COMPLETE FAILURE TO PAY WAGES**

46. Plaintiff Toth realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants failed to pay Plaintiff Toth any salary or wages whatsoever from approximately August 15, 2016 through approximately January 1, 2017. As such, Plaintiff's regular rate of pay remains due and owed by Defendants for Plaintiff Toth's employment during this time period.

48. Defendants knew that – or acted with reckless disregard as to whether – their complete failure to compensate Plaintiff Toth would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

49. Plaintiff Toth is therefore entitled to compensation for all hours worked at his regular rate of pay from August 15, 2016 through January 1, 2017, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

50. **WHEREFORE,** Plaintiff Toth respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for all unpaid salary and wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE
### COMPLETE FAILURE TO PAY WAGES

51. Plaintiff Toth realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants failed to pay Plaintiff Toth any salary or wages whatsoever from approximately August 15, 2016 through approximately January 1, 2017. As such, Plaintiff's regular rate of pay remains due and owed by Defendants for Plaintiff Toth's employment during this time period.

53. Defendants knew that – or acted with reckless disregard as to whether – their complete failure to compensate Plaintiff Toth would violate Ohio law, and Defendants were aware of the Ohio Revised Code's minimum wage requirements during Plaintiff's employment. As such, Defendants' violation of the Ohio Revised Code was willful.

54. Plaintiff Toth is therefore entitled to compensation for all hours worked at his regular rate of pay from August 15, 2016 through January 1, 2017, plus an additional amount equal to two times that amount, together with interest, reasonable attorneys' fees, and costs.

55. **WHEREFORE,** Plaintiff Toth respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for all unpaid salary and wages, plus an additional amount equal to two times that amount, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. From approximately August 15, 2016 through approximately January 1, 2017, Plaintiff Toth worked in excess of fifty (50) hours for Defendants in each and every workweek.

58. From approximately August 15, 2016 through approximately January 1, 2017, Defendants failed to pay Plaintiff Toth any salary or wages whatsoever. As a result, Defendants

were not entitled to classify Plaintiff Toth as exempt from overtime during this time period and Defendants have violated 29 U.S.C. § 207.

59. Defendants knew that – or acted with reckless disregard as to whether – their complete failure to compensate Plaintiff Toth would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

60. Plaintiff Toth is therefore entitled to overtime compensation at rate of one and one half times his regular rate of pay for all hours worked in excess of forty (40) hours in each and every workweek from August 15, 2016 through January 1, 2017, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

61. **WHEREFORE,** Plaintiff Toth respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for all unpaid overtime, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: OHIO REVISED CODE
### FAILURE TO PAY OVERTIME WAGES

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. From approximately August 15, 2016 through approximately January 1, 2017, Plaintiff Toth worked in excess of fifty (50) hours for Defendants in each and every workweek.

64. From approximately August 15, 2016 through approximately January 1, 2017, Defendants failed to pay Plaintiff Toth any salary or wages whatsoever. As a result, Defendants

were not entitled to classify Plaintiff Toth as exempt from overtime during this time period and Defendants have violated Ohio Revised Code § 4111.03.

65. Defendants knew that – or acted with reckless disregard as to whether – their complete failure to compensate Plaintiff Toth would violate Ohio law, and Defendants were aware of the Ohio Revised Code's minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' violation of the Ohio Revised Code was willful.

66. Plaintiff Toth is therefore entitled to overtime compensation at rate of one and one half times his regular rate of pay for all hours worked in excess of forty (40) hours in each and every workweek from August 15, 2016 through January 1, 2017, plus an additional amount equal to two times that amount, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE,** Plaintiff Toth respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for all unpaid overtime, plus an additional amount equal to two times that amount, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of May, 2019.

By: /s/ James L. Simon
**THE LAW OFFICES OF SIMON & SIMON**
James L. Simon (0089483)
6000 Freedom Square Dr.,
Building II, Suite 165
Independence, Ohio 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060

>Telephone: (480) 382-5176
>Facsimile: (480) 304-3805
>Email:cliffordbendau@bendaulaw.com
>chris@bendaulaw.com

>*Attorneys for Plaintiffs*

-11-